BURROWES et al. v. FERGUSON BROS. MFG. CO.

(District Court, S. D. New York. August 1, 1912.)

PATENTS (§ 328\*)—INFRINGEMENT—FOLDING TABLE.

    The Burrowes patent, No. 766,988, for a folding table, construed in the light of the prior ·art and the proceedings in the Patent Office, *held* not infringed.

In Equity. Suit by Edward F. Burrowes and the E. T. Burrowes Company against the. Ferguson Bros. Manufacturing Company. On final hearing. Decree for defendant.

L. S. Bacon and C. E. Dunn, for complainants.
E. Clarkson Seward and Wm. McK. Barber, for defendant.

PLATT, District Judge. This is a bill in equity, alleging infringement of patent 766,988, granted August 9, 1904, to Edward T. Burrowes, assignee of Franklin M. Burrowes, the alleged inventor, and demanding the usual remedies. The original bill alleges unfair competition also, but the charge is not supported by proof. The facts regarding the patent and its infringement have been examined with much more care than this brief memorandum would indicate.

When the claims are construed, as they must be, in view of the prior art, there is, beyond the shadow of a doubt, no infringement. I am also quite of the opinion that the claims relied upon are invalid, but I do not care to place the judgment upon that ground. If I were to take that last step, I should deem it my duty to analyze the art and the patent claims, in extenso, so that the line of reasoning which brings me to such a conclusion could be plainly understood. My health and the season of the year forbid such an effort.

When the claims are limited, as they must be, to the details of construction shown in the specifications and drawings, no discussion is needed. The burden of complainants' song is that, up to the time of the appearance of the patentee in the art, the best folding table in existence was a heavy, cumbersome thing, not easily carried about and set up in place, and that all on the sudden, like a flash of lightning out of a clear sky, along came this skilled workman in complainants' factory and evolved, as a boon to the perspiring public, the idea of a compact folding card table, which is very useful and of such a feather like weight, that anybody of either sex, with even a touch of

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

muscular development, can manage it with ease, and that therefore he and his assigns should be protected against all other light and compact folding card tables, which are constructed on the general lines of the idea which he evolved and gave expression to.

It goes without saying that, if the patented idea was such a boon, it would deserve protection against a wide range of equivalent constructions; but I am bound to say that after a careful study of the prior art, and after learning how much the patentee conceded during his eventful trip through the Patent Office (which trip, by the way, would in my judgment have been disastrous if the examiner had scanned the prior art more closely), there cannot be found even a shred of pioneership about the patent. In my opinion, the trouble in this case is one which we frequently run across in patent cases. Long after the event, and in the light of later experience, the experts have built up for the patentee an original idea which never entered his mind when he was getting his patent. If the faintest notion of the pretty little thing for which he is now asking protection had caught a lodging in his mind during the heckling process which the examiner put him through, it is impossible to believe that he could have remained so impregnably silent about it. Lumbering, heavy structures of different kinds were cited against him, and he yielded to them, never suggesting that the lightness of his structure was enough to take him away from the citations. The very fact that he expected to make his top of leather board or fiber board, which are two of the heaviest substances he could have used, seems to take away any possibility that he could have been thinking about lightness of weight. He was after compactness, and the positive engagement of the legs within the space made by the edges of the table, so as to facilitate transportation and save expense.

I am inclined to think that, if he had patented this idea now suggested for him, he might have been entitled to protection against this alleged trespass; but that thought has no bearing on the issue I am now deciding. He had no such idea, and therefore neither claimed nor got any such protection. I find, upon the facts before me, that the defendant's table does not infringe.

Let the bill be dismissed, with costs.